1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  EUGENE BAIRD,                              CASE NO. 1:08-cv-01669-GSA (PC)

10              Plaintiff,                    ORDER DISMISSING ACTION FOR
                                             FAILURE TO STATE A CLAIM UNDER
11        v.                                  SECTION 1983

12  DR. RENKEN,                               (Doc. 1)

13              Defendant.                    ORDER COUNTING DISMISSAL AS A
    _____/        STRIKE UNDER 28 U.S.C. § 1915(g)
14

15                              **SCREENING ORDER**

16  **I.    Procedural History**

17        Eugene Baird ("Plaintiff") is a state prisoner proceeding pro se.  The Court granted

18  Plaintiff's motion to proceed in forma pauperis in this civil rights action pursuant to 42 U.S.C. §

19  1983.  Plaintiff filed his complaint on October 31, 2008, which is presently before the Court.

20  (Doc. 1.)

21  **II.    Screening Requirement**

22        The Court is required to screen complaints brought by prisoners seeking relief against a

23  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

26  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

27  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

28  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

                                            1

1  appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

2  1915(e)(2)(B)(ii).

3      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

4  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in

5  support of the claim or claims that would entitle him to relief.  *See* Hishon v. King & Spalding,

6  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); *see also* Palmer v.

7  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8  complaint under this standard, the court must accept as true the allegations of the complaint in

9  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

10  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12  **III.    Plaintiff's Complaint**

13      Plaintiff is currently a prisoner at North Fork Corrections Facility in Sayre, Oklahoma.

14  Plaintiff was formerly a state prisoner at Wasco State Prison ("WSP"), in Wasco, California,

15  where the acts he complains of occurred.  Plaintiff names Dr. Renken, an optometrist at WSP, as

16  the only defendant in this action.  Plaintiff seeks monetary damages.

17      Plaintiff alleges that in June of 2007, he had an appointment with Dr. Renken.  Dr.

18  Renken attempted to fix Plaintiff's Versace eye-glasses, but ended up breaking them beyond

19  repair.  Plaintiff had to suffer poor vision for 2-3 weeks while his glasses were sent out to Lens-

20  Crafters and was compelled to purchase a "cheap" pair of state issued eye-glasses for $25.00.

21  Plaintiff claims that this incident violated his rights under the Eight Amendment, the Fourteenth

22  Amendment, California negligence and personal injury law, and California Government Code §§

23  844.6(a) and 844.6(d).

24      The Court finds that Plaintiff fails and is unable to state a cognizable claim against Dr.

25  Renken for the damage to his glasses.  Plaintiff's Complaint suffers from a number of

26  uncorrectable deficiencies which require dismissal with prejudice.

27  / / /

28  / / /

2

1   **IV.   Plaintiff's Claims**

2       **A.  Eighth Amendment**

3       Plaintiff appears to allege that Dr. Renken was deliberately indifferent to his serious

4   medical needs (glaucoma) when he broke Plaintiff's glasses.

5       Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the

6   prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate

7   indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Such a

8   claim has two elements:  "the seriousness of the prisoner's medical need and the nature of the

9   defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991).  A

10  medical need is serious "if the failure to treat the prisoner's condition could result in further

11  significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at

12  1059 (*quoting* Estelle, 429 U.S. at 104).  The inability of Plaintiff to wear his designer eye

13  glasses, as opposed to "cheap" state-issued glasses, could not result in further significant injury

14  or the unnecessary and wanton infliction of pain.  Further, before it can be said that a prisoner's

15  civil rights have been abridged with regard to medical care "the indifference to his medical needs

16  must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support

17  this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (*citing*

18  Estelle, 429 U.S. at 105-06); *see also* Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004).

19   Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires

20  'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at

21  835 (*quoting* Whitley, 475 U.S. at 319).  Dr. Renken's acts which damaged Plaintiff's Versace

22  glasses might amount, at most, to negligence.

23      Further, the fact that Plaintiff had to suffer poor vision for two to three weeks is not

24  actionable as temporary unconstitutional conditions of confinement do not rise to the level of

25  constitutional violations.  *See* Anderson v. County of Kern 45 F.3d 1310 (9th Cir. 1995) and

26  Hoptowit v. Ray 682 F.2d 1237 (9th Cir. 1982).

27      Thus, Plaintiff fails and is unable to state a cognizable Eighth Amendment claim against

28  Dr. Renken for damaging his designer glasses.

1

**B. Fourteenth Amendment**

2

**1. Equal Protection**

3       The Equal Protection Clause requires that persons who are similarly situated be treated

4 alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal

5 protection claim may be established in two ways. First, a plaintiff establishes an equal

6 protection claim by showing that the defendant has intentionally discriminated on the basis of the

7 plaintiff's membership in a protected class. *See e.g.*, Lee v. City of Los Angeles, 250 F.3d 668,

8 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the

9 defendants' actions were a result of the plaintiff's membership in a suspect class, such as race.

10 Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

11       If the action in question does not involve a suspect classification, a plaintiff may establish

12 an equal protection claim by showing that similarly situated individuals were intentionally treated

13 differently without a rational relationship to a legitimate state purpose. Village of Willowbrook

14 v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1

15 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); Sea

16 River Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal

17 protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an

18 identifiable class; (2) the plaintiff was intentionally treated differently from others similarly

19 situated; and (3) there is no rational basis for the difference in treatment. Village of

20 Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's

21 selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement

22 is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of

23 Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

24       Plaintiff's claim under the Equal Protection Clause is not cognizable as he fails to state

25 any allegations to show that he is a member of a protected class, that he was intentionally

26 discriminated against, and that there was no rational basis for the treatment he received.

27

**2. Substantive Due Process**

28       Plaintiff alleges that Dr. Renken effectively destroyed his designer eye-glasses. The Due

4

1  Process Clause protects prisoners from being deprived of property without due process of law,

2  Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their

3  personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an

4  authorized, intentional deprivation of property is actionable under the Due Process Clause, *see*

5  Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (*citing* Logan v. Zimmerman Brush Co., 455

6  U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor

7  unauthorized intentional deprivations of property by a state employee "constitute a violation of

8  the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a

9  meaningful postdeprivation remedy for the loss is available,"  Hudson, 468 U.S. at 533.

10  A state prisoner has no cause of action under 42 U.S.C. § 1983 for an unauthorized

11  deprivation of property, either intentional or negligent (such as damaging eye-glasses in repair

12  efforts) by a state employee if a meaningful state post-deprivation remedy for the loss is

13  available.  Hudson, 468 U.S. at 533.  California law provides an adequate post-deprivation

14  remedy for any property deprivations.  Barnett v. Centoni, 31 F.3d 813, 816-817 (9th Cir. 1994).

15  Thus, Plaintiff fails and is unable to state a cognizable claim under the Due Process

16  Clause against Dr. Renken for damaging his designer glasses.

17  **C.  Claims Under California Law**

18  Plaintiff alleges that Dr. Renken's acts of damaging his glasses amounted to professional

19  negligence/medical malpractice and violated his rights under California Government Code §§

20  844.6(a), 844.6(d).

21  Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original

22  jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the

23  action within such original jurisdiction that they form part of the same case or controversy under

24  Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under §

25  1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is

26  discretionary."  Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).  "The district

27  court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .

28  the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. §

1   1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before

2   trial, . . . the state claims should be dismissed as well."  United Mine Workers of America v.

3   Gibbs, 383 U.S. 715, 726 (1966).

4        Title 28 U.S.C. § 1367 provides the basis for supplemental jurisdiction.  Except as

5   otherwise provided in subsection (b) and (c) or as expressly provided otherwise by Federal

6   statute, in any civil action where a district court has original jurisdiction, the district court shall

7   have supplemental jurisdiction over all other claims that are so related to claims in the action

8   within such original jurisdiction that they form part of the same case or controversy under Article

9   III of the United States Constitution.  Subsection (c) of 28 U.S.C. § 1367 gives the court

10  discretion to "decline to exercise" supplemental jurisdiction in various circumstances including

11  when "the district court has dismissed all claims over which it has original jurisdiction."  28

12  U.S.C. § 1367(c)(3).

13       Plaintiff's remaining causes of action are based on this Court's supplemental jurisdiction.

14  This Court declines to exercise supplemental jurisdiction over any remaining state law claims as

15  Plaintiff fails and is unable state a cognizable claim under federal law against Dr. Renken.

16       Further, California's Tort Claims Act requires that a tort claim against a public entity or

17  its employees be presented to the California Victim Compensation and Government Claims

18  Board, formerly known as the State Board of Control, no more than six months after the cause of

19  action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2008).

20  Presentation of a written claim, and action on or rejection of the claim are conditions precedent

21  to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (2004);

22  Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort

23  claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.

24  State v. Superior Court, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los

25  Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff has not pled any allegations to

26  imply that he has complied with California's Tort Claims Act – even if he had so pled, it would

27  not make any of his claims of violation under Federal law cognizable.

28  / / /

1  **V.    ORDER**

2        Plaintiff's Complaint fails to state any cognizable claims under section 1983.  Plaintiff's

3  claims are such that the deficiencies in his claim(s) are unable to be cured so as to state any

4  cognizable claim(s).

5        Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a

6  claim under section 1983, and this dismissal SHALL count as a strike under 28 U.S.C. § 1915(g).

7        IT IS SO ORDERED.

8     **Dated:    August 26, 2009          _____/s/ Gary S. Austin_____**
                                            UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28